UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INDYMAC VENTURE, LLC,

                                Plaintiff,                    **REPORT AND**
                                             ,             **RECOMMMENDATION**
                                                          CV 15-7057 (ADS) (GRB)
         -against-

THOMAS E. MULLIGAN, RIVERHEAD
BUILDING SUPPLY CORP., and AMERICAN
EXPRESS CENTURION BANK,

                               Defendants.
-----------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

Plaintiff IndyMac Venture, LLC ("plaintiff") commenced this diversity action against defendants Thomas E. Mulligan, Riverhead Building Supply Corp., and American Express Centurion Bank (collectively "defendants"), pursuant to Article 13 of the New York Real Property Actions and Proceeding Law, to foreclose a mortgage encumbering 5 Marc Street, Shelter Island, New York (the "Property"). Presently before the undersigned, upon referral from the Honorable Arthur D. Spatt, is plaintiff's motion for default judgment. For the reasons set forth below, the undersigned respectfully recommends that the amended complaint be dismissed without prejudice for lack of subject matter jurisdiction, and that the motion be denied.

## BACKGROUND

On December 10, 2015, plaintiff commenced this action against defendants and Thomas J. Mulligan by filing a complaint, seeking under Article 13 of the New York State Real Property Actions and Proceedings Law to foreclose on a mortgage encumbering the Property. Compl. ¶ 1, DE 1. Plaintiff then amended the complaint on January 11, 2016 to remove all claims against

Thomas J. Mulligan.[1]  Amended Compl. ¶ 1, DE 15.  Plaintiff served the amended complaint on defendants, DE 16, 17, 26, but defendants have failed to answer the amended complaint or otherwise appear in this action.  On February 17, 2017, the Clerk of the Court entered a notation of default against defendants.  DE 30-32.  On November 13, 2018, plaintiff filed a motion for default judgment and for foreclosure and sale of the Property.  DE 40.  Judge Spatt referred the motion to the undersigned on November 15, 2018,  DE 42.

As a threshold matter, plaintiff seeks to invoke this Court's jurisdiction by reason of diversity of citizenship.  Amended Compl. ¶ 9.  The amended complaint, however, fails to adequately plead the citizenship of the parties.  *See infra.*  The jurisdictional allegations as to the citizenship of plaintiff are as follows:

> Plaintiff IndyMac Venture is a limited liability company, and maintains its principal place of  business at 888 East Walnut Street, Pasadena, California 91101.

*Id.* at ¶ 2.  The amended complaint further alleges that plaintiff "maintains its principal place of business in the State of California."  *Id.* at ¶ 10(e).

In addition, the jurisdictional statements of each of the defendants are insufficient to establish their citizenship.  *See infra.*  The amended complaint alleges the following as to the citizenship of defendant Thomas E. Mulligan:

> Defendant Thomas E. Mulligan is a natural person and New York resident having addresses at 5 Marc Street, Shelter Island, New York 11964 and 246 W. Main Street, Riverhead, New York 11901-2841.

*Id.* at ¶ 5.  The amended complaint also states he "is a resident of the State of New York.

*Id.* at ¶ 10(a).

---

[1] Thomas J. Mulligan passed away on May 26, 2016, DE 19, and by Order dated January 24, 2017, the district court granted plaintiff's motion to dismiss the decedent from this action and to amend the caption.  *See* Order dated January 24, 2017.

With respect to the citizenship of defendant Riverhead Building Supply Corporation, the amended complaint avers the following:

> Defendant Riverhead Building Supply Corporation has a business address at 100 Precision Drive, Suite 2, New York, 11967.

*Id.* at ¶ 6.  In addition, the amended complaint alleges that "Defendant Riverhead Building Supply Corp. has a business address in the State of New York."  *Id.* at ¶ 10(c).

The amended complaint alleges the following with regard to the citizenship of defendant American Express Centurion Bank:

> Defendant American Express Centurion Bank has a business address at 4315 South 2700 West, Salt Lake City, Utah 84184.

*Id.* at ¶ 7.  The amended complaint further alleges "Defendant American Express Centurion Bank has a business address in the State of Utah.  *Id.* at ¶ 10(d).  The jurisdictional allegations for each of the parties is addressed in turn.

## DISCUSSION

### 1.  Subject Matter Jurisdiction

A fundamental predicate to judgment in the federal courts is the existence of subject matter jurisdiction.  Federal courts have an independent obligation to ensure that subject matter jurisdiction exists, and may raise the issue *sua sponte.  Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir. 1997); *Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014).  Under 28 U.S.C. § 1332, diversity jurisdiction exists among "citizens of different States," where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Bayerische*, 692

3

F.3d at 48; *Metro Found. Contractors, Inc. v. Arch Inc. Co.*, 498 F. App'x 98, 100 (2d Cir. 2012); *Solfire Grp., LLC v. Solfire Enterprises, LLC*, No. 14-CV-3054 (MKB), 2016 WL 2596036, at *4 (E.D.N.Y. May 5, 2016).  "Diversity is measured as of the time the action is brought, and thus a post-filing change of citizenship does not destroy jurisdiction."  *OneWest Bank, N.A. v. Melina,* 827 F.3d 214, 218 (2d Cir. 2016).  Lastly, the party seeking to assert diversity jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist "by a preponderance of the evidence."  *White v. Abney,* No. 17-CV-4286 (MKB), 2019 WL 1298452, at *2 (E.D.N.Y. Mar. 21, 2019) (citations omitted).

### (a) Plaintiff IndyMac Venture, LLC

For the purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of each of its members."  *Carter v. Healthport Tech., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (citing *Bayerische*, 692 F.3d at 49); *see White*, 2019 WL 1298452, at *3 ("A limited liability company takes the citizenship of each of its members") (internal quotation marks and citations omitted).  Accordingly, a complaint is deficient where it has "no allegation as to the identity or citizenship of [an LLC's] members."  *Id.*; *see also Bayerische*, 692 F.3d at 49; *Liu*, 5 F. Supp. 3d at 447 ("[T]o invoke this Court's diversity jurisdiction, plaintiff's complaint must allege the citizenship of each member of the limited liability company . . . . Failure to do so may result in the dismissal of the complaint.").

Here, plaintiff seeks to invoke this Court's jurisdiction based solely upon diversity of citizenship.  Am. Compl. ¶ 9.  Plaintiff does not, however, set forth any allegations with respect to its structure or the citizenship of each of its members but simply alleges that it "is a limited liability company, and maintains its principal place of business at 888 East Walnut Street, Pasadena, California 91101" and "maintains a principal place of business in the State of

California." *Id.* at ¶¶ 2, 10(e). As a limited liability company, plaintiff's principal place of business and state of formation is immaterial to a determination of its citizenship. Thus, based on the record before it, the Court cannot determine plaintiff's citizenship. *see Carter*, 822 F.3d at 60; *see also Bayerische*, 692 F.3d at 49; *Liu*, 5 F. Supp. 3d at 447.

### (b) Defendant Thomas E. Mulligan

For diversity purposes, an individual's citizenship "depends on his domicile." *Davis v. Cannick,* 691 F. App'x 673, 673 (2d Cir. 2017) (internal quotation marks and citations omitted); *see Maitland v. Fishbein,* 712 F. App'x 90, 92 (2d Cir. 2018). "Domicile is originally acquired at birth, and is the place where a person has his [or her] true fixed home and principal establishment, and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *White*, 2019 WL 1298452, at *3 (internal quotation marks and citations omitted); *see Davis,* 691 F. App'x at 673 ("[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay") (internal quotation marks and citations omitted); *see also Martinez v. Bynum,* 461 U.S. 321, 331 (1983) ("In general, the domicile of an individual is his [or her] true, fixed and permanent home and place of habitation" . . . that is "the place to which, whenever he [or she] is absent, he [or she] has the intention of returning").

The amended complaint alleges that defendant Mulligan is "a natural person and New York resident having addresses at 5 Marc Street, Shelter Island, New York 11964 and 246 W. Main Street, Riverhead, New York 11901-2841" and "is a resident of the State of New York." *Id.* at ¶¶ 5, 10(a). However, a statement of an individual party's residence is insufficient to establish their domicile or citizenship. *See White*, 2019 WL 1298452, at *3 (holding "residence alone is not determinative of domicile or citizenship"); *see Caren v. Collines,* 689 F. App'x 75, 75 (2d Cir. 2017) ("Although the individual plaintiff and individual defendants are alleged to be

residents of certain States, such an allegation is insufficient to plead citizenship") (citations

omitted).  Courts have "long . . . held that a statement of residence, unlike domicile, tells the

court only where the parties are living and not of which state they are citizens."  *John Birch Soc.*

*v. Nat'l Broadcasting Co.,* 377 F.2d 194, 199 (2d Cir. 1967); *see Canedy v. Liberty Mut. Ins. Co.,*

126 F.3d 100, 102-03 (2d Cir. 1997) (holding it is "well established that allegations of residency

alone cannot establish citizenship").  Notably, "one may have more than one residence in

different parts of this country or world, but a person may have only one domicile."  *Reich v.*

*Lopez,* 858 F.3d 55, 63 (2d Cir. 2017).  Thus, the allegations of defendant Mulligan's residences

in New York are not equivalent to allegations of citizenship and therefore are insufficient.  *See*

*White*, 2019 WL 1298452, at *3; *Caren,* 689 F. App'x at 75; *see also Reich,* 858 F.3d at 63.

### (c)  Defendant Riverhead Building Supply Corporation

For purposes of diversity jurisdiction, "a corporation is considered a citizen of the state in

which it is incorporated and the state of its principal place of business."  *Bayerische Landesbank*

*v. Aladdin Capital Mgmt., LLC,* 692 F.3d 42, 51 (2d Cir. 2012); *see* 28 U.S.C. § 1332(c)(1).  A

corporation's "principal place of business" is "the place where a corporation's officers direct,

control, and coordinate the corporation's activities" – its "nerve center."  *Hertz Corp. v. Friend,*

559 U.S. 77, 92-94 (2010).  A corporation's nerve center" is "a single place," and "in practice it

should normally be the place where the corporation maintains its headquarters – provided that

the headquarters is the actual center of direction, control and coordination."  *Id.* at 93; *see*

*Melina,* 827 F.3d at 218.

The amended complaint alleges that Riverhead Building Supply Corporation "has a

business address at 100 Precision Drive, Suite 2, New York, 11967" and "has a business address

in the State of New York."  *Id.* at ¶¶ 6, 10(c).  These allegations based on its business address,

however, fall short of pleading citizenship as they neither allege Riverhead Building Supply Corporation's state of incorporation nor its principal place of business.

### (d) Defendant American Express Centurion Bank

Pursuant to 28 U.S.C. § 1348, all national banking associations "shall, for purposes of . . . actions by or against them, be deemed citizens of the States in which they are respectively located."  The Supreme Court has made clear that for purposes of diversity jurisdiction, a national bank is a citizen "in the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt,* 546 U.S. 303, 318 (2006); *see Melina,* 827 F.3d at 218 ("a national bank is a citizen only of the state listed in its articles of association as its main office").

The amended complaint avers that defendant American Express Centurion Bank "has a business address at 4315 South 2700 West, Salt Lake City, Utah 84184" and "has a business address in the State of Utah."  However, the amended complaint is silent regarding the state designated as plaintiff's main office in its articles of association, and therefore, the allegations are insufficient to establish the citizenship of American Express Centurion Bank.

In sum, the amended complaint does not contain sufficient allegations regarding the citizenship of either plaintiff or defendants to establish diversity jurisdiction.  That is to say, plaintiff has failed to meet its "burden to demonstrate complete diversity between the parties, as necessary for the Court to exercise diversity jurisdiction." *Solfire Group, LLC*, 2016 WL 2596036, at *4.  Accordingly, the undersigned respectfully recommends that the motion for default judgment be denied for failure to establish subject matter jurisdiction, *see Transatlantic Marine*, 109 F.3d at 108 (holding that default judgment may be void for lack of subject matter jurisdiction); *see also U.S. Bank Trust, N.A. v. Gross,* 255 F. Supp. 3d 427, 431-33 (W.D.N.Y. 2017) (denying motion for default judgment in mortgage foreclosure action for failure to

sufficiently allege complete diversity of the parties); *INTL Hanley, LLC v. Frangos Pioneiro Industiae Comericio,* No. 12 Civ. 7493 (MGC), 2013 WL 2382288, at *1 (S.D.N.Y. May 23, 2013) (denying motion for default judgment and dismissing the complaint for failure to establish subject matter jurisdiction); *Cook v. Toidze*, 950 F. Supp. 2d 386, 392 (D. Conn. 2013), and the complaint be dismissed without prejudice. *See Zelawska v. Lufthansa German Airlines,* No. 13-CV-5114 (JS), 2013 WL 6330672, at *1 (E.D.N.Y. Dec. 5, 2013 ) (holding that because plaintiff "does not meet the requirements for diversity jurisdiction, or allege a federal cause of action, the [c]omplaint is *sua sponte* dismissed for lack of subject matter jurisdiction"); *Receivables Exch., LLC v. Hotton,* No. 11-CV-292, 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (dismissing complaint where, "on its face [it] fail[ed] to properly plead the existence of diversity jurisdiction"); *see also Ming Li v. Colonial BT, LLC*, No. 3:14-CV-999 CSH, 2014 WL 3579469, at *2 (D. Conn. July 21, 2014) (quoting Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).

## 2.  Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, courts should "'freely give leave' to replead 'when justice so requires.'" *Oliver Sch., Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991).  The Second Circuit will "generally afford an opportunity for amendment" of the pleadings "to cure defective jurisdictional allegations unless 'the record clearly indicates that the complaint could not be saved by any truthful amendment.'" *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 65 (2d Cir. 2009); *see also Oliver Sch.*, 930 F.2d at 252-53 ("In dismissing a complaint for . . . failure to show jurisdiction, the court should heed the admonition of Rule 15 and allow amendment 'freely' if it appears at all possible that the plaintiff can correct the defect.'" (quotation omitted)).

Because the failure to properly allege the predicate facts to establish subject matter jurisdiction may be cured, if appropriate, by an amendment of the amended complaint, and in an abundance of caution, the undersigned respectfully recommends that plaintiff be given leave to amend the amended complaint to cure the jurisdictional deficiencies.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the motion for default judgment be denied, the amended complaint be dismissed without prejudice, and plaintiff be given leave to amend the amended complaint to cure the jurisdictional deficiencies.


## OBJECTIONS

A copy of this Amended Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Meija v. Roma Cleaning, Inc.,* No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's

report operates as a waiver of any further judicial review of the magistrate's decision."); *cf.*

*Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require

district court review of a magistrate's factual or legal conclusions, under a *de novo* review or any

other standard, when neither party objects to those findings").  This is particularly true, where, as

here, a party has been "warned of the consequences of not objecting to the Magistrate's

findings."  *Meija*, 2018 WL 4847199, at *1.


Dated: Central Islip, New York
          August 30, 2019

                                                    /s/ Gary R. Brown
                                                    GARY R. BROWN
                                                    United States Magistrate Judge